UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
UNITED STATES OF AMERICA                       :
                                               :
                                               :   **POST-HEARING ORDER**
            -against-                          :
                                               :   19 Cr. 779 (AKH)
                                               :
                                               :
KYLE MULLINGS,                                 :
                                               :
                         Defendant.            :
---------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

On January 6, 2022 I held a bail hearing following an application by Defendant Kyle Mullings. The Superseding Indictment (ECF No. 52) charges Mullings with murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) and (2), and using and carrying a firearm in furtherance of a crime of violence and drug trafficking, resulting in murder, in violation of 18 U.S.C. 924(j). After reviewing Defendant's criminal history and the submissions of Defendant and the Government, I ruled at the January 6 hearing that no condition or combination of conditions could ensure the safety of the community if Defendant were released on bail, or that he would not flee. *See* 18 U.S.C. 3142(e)(1). I now issue this order to memorialize my ruling on January 6, 2022.

The Superseding Indictment alleges that Mullings was involved in a violent gang known as the Beach Avenue Crew that was widely involved with drug trafficking and violent crime from 2009 to 2017. As relevant here, the Government represents that on June 25, 2015 Mullings and fellow gang members shot Daquan Cooper, a rival gang member, in retaliation for an incident in which a member of the rival gang shot Mullings. Specifically, Mullings provided weapons and instructions to two shooters whom he recruited to kill Daquan Cooper. On March 9, 2017 Mullings was arrested and charged in a separate indictment for narcotics and

racketeering conspiracies not at issue in the present case. For the conduct that gave rise to his March 2017 arrest, Mullings was ultimately sentenced to 60 months' imprisonment and four years of supervised release. Accordingly, when Mullings was arrested and indicted in November 2020 in connection with the instant case, he was already in federal custody. By December 10, 2021, Mullings had completed his term of imprisonment on his prior case and requested a bail hearing in the instant matter.

Typically, a defendant, in order to be detained in advance of trial, requires a finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In making that determination, I consider "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, … (2) the weight of the evidence against the person; (3) the history and characteristics of the person … (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)

At the January 6, 2022 hearing, after considering and weighing the above statutory factors, I found that Mullings' criminal record and the nature of the offenses detailed in the Superseding Indictment were such that no condition or combination of conditions could ensure the safety of the community. There is no reason for me to revise that finding. The Superseding Indictment charges Mullings with orchestrating the murder of Daquan Cooper in front of a neighborhood convenience store. Moreover, the Superseding Indictment details Mullings' membership in the Beach Avenue Crew, a gang involved in drug trafficking and violent turf wars with other gangs such as the Parkchester Crew. The nature of these crimes is undeniably serious, made all the more so by Mullings' alleged role as the instigator of the Cooper shooting.

Mullings' criminal history also weighs strongly against release on bail. It is particularly troubling that Mullings' involvement with violent crime spans the past decade. In 2011 Mullings was involved in a violent assault and robbery and in 2012 was arrested for criminal possession of a weapon after threatening a police officer with a switch blade. Although adjudicated a youthful offender for the 2011 and 2012 offenses, while on probation for those offenses, Mullings continued his involvement with the Beach Avenue Crew and its sale of crack cocaine. Mullings was still on probation for those offenses when the shooting of Daquan Cooper took place on June 25, 2015. Mullings' record of involvement with violent gang activity and his multiple arrests indicate that he would remain a danger to the community if he were released on bail.

Finally, Mullings has strong incentives to flee. Murder in aid of racketeering carries a mandatory minimum of life imprisonment, and the Government represents it will provide strong evidence that Mullings coordinated with the shooters in the Cooper murder. That evidence will include the testimony of one of the shooters, as well as phone records and location data that establish links between Mullings and the shooters. Based on the strength of the evidence and the seriousness of the sentence, Mullings has significant incentives to flee in advance of trial, which further weighs against granting release on bail.

At the hearing on January 6, 2022, the parties disputed whether a rebuttable presumption in favor of detention exists in this case. *See* 18 U.S.C. §3142(e)(3)(B). However, as I noted at the hearing, regardless of whether a rebuttable presumption exists in this case, the evidence is overwhelming that no condition or combination of conditions can ensure the safety of the community and Mullings' appearance at trial. Mullings has a lengthy criminal history and

involvement with violent gangs, and the incentives to flee before trial are strong. Accordingly, as I held previously, Mullings' request for bail is denied.

        SO ORDERED.

Dated:      January 25, 2022              __/s/ Alvin K. Hellerstein____
            New York, New York        ALVIN K. HELLERSTEIN
                                                        United States District Judge