UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                              :

KYLE MULLINGS,                       :     **OPINION & ORDER DENYING**
                Petitioner,     :     **§ 2255 PETITION**
                              :

     -against-                     :     19 Cr. 779 (AKH)
                              :     24 Civ. 4844 (AKH)
UNITED STATES OF AMERICA,      :

                    Respondent.    :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Petitioner Kyle Mullings petitions to vacate, set aside, or correct his sentence under 28

U.S.C. § 2255 following his guilty plea and sentence. He argues that his counsel was ineffective

for not filing a motion to dismiss the indictment against him on double jeopardy and breach-of-

plea-agreement grounds, as well as for allowing him to plead guilty to Conspiracy to Use

Firearms in Furtherance of a Murder in Aid of Racketeering without a proper predicate offense

and understanding of the crime. Petitioner's claims are without merit, and I deny his petition.

## BACKGROUND

      Petitioner was initially charged of Racketeering Conspiracy under Indictment No. 15 Cr.

854 for his participation in a gang that operated in the vicinity of Beach Avenue in the Bronx

(the "Beach Avenue RICO Case"). He pleaded guilty to Racketeering Conspiracy and

Conspiracy to Distribute Crack-Cocaine under a plea agreement in the Beach Avenue RICO

Case, and was sentenced to 60 months' imprisonment. Pre-Sentence Report ("PSR") at ¶¶ 18, 36.

      While serving his sentence in the Beach Avenue RICO Case, Petitioner was indicted in

this instant case of Murder in Aid of Racketeering and Murder Through the Use of a Firearm,

stemming from his involvement in the killing of a rival gang member on June 25, 2015. ECF No.

38; PSR ¶¶ 14-16. On March 3, 2022, Petitioner pleaded guilty to a superseding information

pursuant to a plea agreement, charging him of the one count of Conspiracy to Use Firearms in Furtherance of a Murder in Aid of Racketeering, in violation of 18 U.S.C. § 924(o). ECF No. 95. At the guilty plea hearing, Petitioner testified that he discussed this charge with counsel and was satisfied with his attorneys' representation, *id.* at 3, 17-18, and acknowledged how his conduct violated the elements of this statute. *Id.* at 24-26. On September 29, 2022, I calculated Petitioner's Guidelines sentencing range as 360 months' to life imprisonment, and I sentenced Petitioner to 20 years' imprisonment—the statutory maximum sentence—followed by three years of supervised release. ECF Nos. 106, 108.

On June 17, 2024, Petitioner filed this § 2255 petition.

## LEGAL STANDARD

The Sixth Amendment of the Constitution guarantees federal felony defendants the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To successfully establish entitlement to collateral relief on the basis of ineffective assistance of counsel, a petitioner must (1) overcome the presumption that his representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms," and (2) show that "but for counsel's unprofessional errors, the results of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

In reviewing a claim of ineffective assistance of counsel, I "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that 'there are countless ways to provide effective assistance in any given case' and that 'even the best criminal defense attorneys would not defend a particular client in the same way.'" *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (quoting *Strickland*, 466 U.S. at 689). "[A] lawyer's decision not to pursue a defense does not constitute deficient performance if, as is typically the case, the lawyer has a reasonable justification for the decision," *DeLuca v. Lord*, 77 F.3d 578, 588 n.3 (2d Cir. 1996). Specifically, a defense

attorney's decision "to forgo an unsupported argument" does not constitute the ineffective assistance of counsel. *United States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000).

## ANALYSIS

Petitioner contends his defense attorneys provided him with ineffective assistance because they (1) did not file a motion to dismiss the charges against him on the bases of double jeopardy and his prior plea agreement in the Beach Avenue RICO Case; and (2) allowed him to plead guilty to Conspiracy to Use Firearms in Furtherance of a Murder in Aid of Racketeering without a proper predicate offense and Petitioner's knowledge of the nature of the crime. These arguments are unsupported by the law, *Best*, 219 F.3d at 201, and therefore, I reject them.

### A. Failure to File a Motion to Dismiss for Double Jeopardy and Breach of Prior Plea Agreement

"A double jeopardy claim cannot succeed unless the charged offenses are the same in fact and in law." *United States v. Estrada*, 320 F.3d 173, 180 (2d Cir. 2003). "[T]he test to be applied . . . is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). "[The Second Circuit] has long recognized that a defendant may be prosecuted both for substantive racketeering . . . and for the commission of violent crimes in aid of racketeering." *United States v. Basciano*, 599 F.3d 184, 198 (2d Cir. 2010). Here, the offenses that Petitioner was charged of—violent crimes in aid of racketeering—are legally distinct from the substantive Racketeering Conspiracy charge Petitioner pleaded guilty to in the Beach Avenue RICO Case. *See id.* Since a motion to dismiss on the basis of double jeopardy would have failed as a matter of law, counsel's performance was not ineffective.

Petitioner's breach-of-plea-agreement argument fares no better. "Plea agreements are interpreted in accordance with contract law principles." *United States v. Colon*, 220 F.3d 48, 51 (2d Cir. 2000). "[I]n determining whether a plea agreement has been breached," I must evaluate "the reasonable understanding of the parties as to the terms of the agreement." *Id.* Here,

Petitioner's plea agreement in the Beach Avenue RICO Case only bars future prosecutions that are based on his "participation in a racketeering conspiracy, as described in [the superseding indictment in the Beach Avenue RICO Case]," and explicitly stipulates that "this agreement does not bar the use of such conduct as a predicate act . . . in a subsequent prosecution including, but not limited to, a prosecution pursuant to [the RICO statute]." Its terms do not preclude the Government from bringing this prosecution for a separate Murder in Aid of Racketeering, which is wholly independent of the proceedings in the Beach Avenue RICO Case. *See United States v. Rodriguez*, 19 Cr. 779 (AKH), 2020 WL 5819503, at *8-*10 (S.D.N.Y. Sept. 30, 2020) (rejecting a similar argument by Petitioner's co-defendant). Therefore, I cannot say that Petitioner's counsel was ineffective for not raising this baseless argument in a motion to dismiss.

### B.  Guilty Plea to Conspiracy to 18 U.S.C. § 924(o)

18 U.S.C. § 924(o) criminalizes a conspiracy to commit a crime defined by subsection (c). Section 924(c) provides that the charge must be predicated on a "crime of violence" or a "drug trafficking crime." A "crime of violence" is defined by subsection (c) to encompass a felony whose elements include "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Here, Petitioner's 18 U.S.C. § 924(o) conviction is predicated on Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(1). ECF No. 91. The Second Circuit has repeatedly held that Murder in Aid of Racketeering constitutes a crime of violence. *See, e.g., United States v. Davis*, 74 F.4th 50, 56 (2d Cir. 2023); *Moore v. United States*, 2021 WL 5264270, at *2 (2d Cir. Nov. 12, 2021). Accordingly, I reject Petitioner's argument that his attorneys were ineffective for allowing him to plead guilty to 18 U.S.C. § 924(o) without a proper predicate offense.

Before a court accepts a guilty plea, it must ensure "the defendant understands

. . . the nature of each charge to which the defendant is pleading" guilty to. Fed. R. Crim. P. 11(b)(1)(G). Here, Petitioner stated under oath that he discussed the offense he was pleading guilty to with his attorneys and acknowledged how his conduct violated the elements of that offense. ECF No. 95 at 3, 17-18, 24-26. Therefore, I reject Petitioner's contention that his counsel was ineffective in allowing him to plead guilty to 18 U.S.C. § 924(o) despite his lack of understanding. *See United States v. Gonzalez*, 970 F.2d 1095, 1100-01 (2d Cir. 1992) (district courts may reject self-serving allegations that run contrary to statements made under oath).

## CONCLUSION

For the foregoing reasons, I deny Petitioner's § 2255 motion. Since "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," no fact hearing is necessary. 28 U.S.C. § 2255(b).

Because Petitioner has "not made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a Certificate of Appealability.

The Clerk of Court shall close 24 Civ. 4844 and terminate ECF No. 1. He shall also terminate ECF No. 116 of 19 Cr. 779.

SO ORDERED.

Dated:     November 4, 2024
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

5